UNITED STATES *v.* IRON SILVER MINING Co. and others.

*(Circuit Court, D. Colorado.*   June 23, 1883.)

PATENT FOR LAND—FRAUDULENT REPRESENTATIONS AS TO VALUE—BILL TO SET ASIDE PATENT.

The United States may bring a bill in equity to set aside a patent for land which has been executed by it, upon the ground that the conveyance was obtained by fraud; and where the party obtaining the patent knows that the land is valuable for its lodes of mineral, and suppresses this fact, and falsely represents the very contrary in his application and in his proofs, and thereby defrauds and deceives the land department, and thus obtains a patent, it is a fraud, and a court of equity may set it aside.

In Equity.

*Andrew W. Brazee,* for the United States.

*C. G. Symes,* for defendant.

McCRARY, J., *(orally.)* I have considered the demurrer to the complaint in the case of the United States of America against the Iron Silver Mining Company, which is a bill in chancery filed on behalf of the United States to set aside a patent upon the ground that the same has been obtained by fraud. The bill is, of course, somewhat

lengthy, but I think I can state the substance of the allegations, so far as they charge fraud, without reading it.

It is alleged that the land in question was covered with timber; also, that it contained sundry veins, lodes, ledges, and seams bearing silver, gold, and lead, in rock in place, of great value. It is further alleged that the land was of no value as placer mining ground; that about October, 1879, James A. Sawyer, and others to complainant unknown, discovered sundry lodes, ledges, veins, and deposits in rock in place on said land, carrying gold, silver, lead, etc.; that besides these discoveries there were then indications of divers other lodes carrying certain metals, which indications were apparent to persons skilled and expert in that behalf; that there was no placer mining ground on the land; that said Sawyer and others conspired together to cheat and defraud the complainant, and did conspire with certain persons named, and others unknown, to obtain fraudulently a patent for said parcels of land, and for each of them, upon the pretense that the same were placer grounds and subject to entry as such; that they conspired and confederated together to falsely represent to the register and receiver at Leadville, and other land-offices of the United States, that the said land was placer mining ground and subject to entry as such, when in truth such was not the fact, and the land was only subject to entry as lodes, leads, veins, ledges, or deposits. It is further averred that prior to this time said Sawyer had located the Andrew Jackson lode and the Ferguson lode and the Bonanza Queen lode and the Lizzie Belle lode, all upon the said lands, and divers other lode claims that have been located thereon. It is averred that there was an agreement that Sawyer was to abandon his lode claims and enter the land as placer mining claims for the benefit of respondent. Applications for patents, it is averred, were filed, in which statements were made which were false in the following particulars, among others: In the statement that the lands were placer mining grounds; in the statement that no known vein or lodes of quartz or other rock in place bearing gold, lead, or silver existed thereon; and in numerous other particulars of less importance, perhaps; all charged to have been false, as the applicants well knew.

It is, of course, well understood that the United States may bring a bill in equity to set aside a patent which has been executed by it, upon the ground that the conveyance was obtained by fraud; and the same principles and rules which would obtain as between individuals will apply to a case where the government institutes such a suit. I suppose, therefore, it is correct to say that if a person, by

falsely representing any material matter, deceives the officers of the land department, and thereby induces them to execute to him a patent, upon proof of the fact a court of equity may set the patent aside; and I think that if a man knows that a certain tract of land is valuable for its lodes of mineral,—if he knows it by having located lodes upon it, and having developed them, as this bill alleges was the case here,—and if he knows also that it is not valuable for placer mines, and if he suppresses these facts, and especially if he represents the very contrary of these facts in his application and in his proofs, and thereby defrauds and deceives the officers of the land department, and induces them to execute the patent, it is a fraud, and a court of equity may set it aside.

I think that if the allegations of this bill are true, there is a case for relief within the principles of equity, and the demurrer to the bill must be overruled.